**UNITED STATES of America, Appellee,**

v.

**John Ross GREER, Appellant.**

No. 82–5259.

United States Court of Appeals,
Fourth Circuit.

Argued April 14, 1983.
Decided Aug. 17, 1983.

---

Michael Morchower, Richmond, Va. (John B. Boatwright, III, Morchower & Luxton, Richmond, Va., on brief), for appellant.

William G. Otis, Sp. Asst. U.S. Atty., Alexandria, Va. (Elsie L. Munsell, U.S. Atty., Martha Roadstrum, Dept. of Justice, Washington, D.C., on brief), for appellee.

Before RUSSELL, PHILLIPS and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

John Ross Greer was convicted by a jury of seven counts of mail fraud, 18 U.S.C. § 1341, seven counts of wire fraud, 18 U.S.C. § 1343, and six counts of interstate transportation of stolen property, 18 U.S.C. § 2314. The district court sentenced him to five years' imprisonment on each of the first two counts of mail fraud, with the sentences to be served consecutively and to be followed by three years' probation. Sentences on the remaining 18 counts were suspended. Greer's sole contention on appeal is that the trial judge should have recused himself *sua sponte* from passing sentence because of inflammatory remarks directed at the judge made by the Assistant United States Attorney during the sentencing hearing. We disagree and affirm.

At the sentencing hearing, the prosecutor directed the court's attention to several cases it had decided, two involving black defendants and two involving white defendants. The prosecutor commented that the cases showed an "interesting pattern." The following colloquy ensued:

THE COURT: What is interesting about the pattern, counsel?

MR. BAUGH: The interesting pattern to the counsel, Your Honor, is that very often, people, including me, have gotten upset with the coddling of quote white-collar crimes. But from reviewing the records, it appears the color of the collar is not the key. This man sits right there, stole more money than all the bank robbers we have tried in this district in the past two years.

THE COURT: Are you suggesting that the Court sentences people on the basis of their race?

MR. BAUGH: I am suggesting to the Court, Your Honor—

THE COURT: Are you suggesting that, Counsel? Yes or no?

MR. BAUGH: Yes, Your Honor.

THE COURT: You are wrong. Proceed with your argument.

MR. BAUGH: Thank you. I am suggesting, also, Your Honor, that there is no pattern. People breaking the law or people who are victims of the law don't know what is going to happen and as that—

THE COURT: I'm afraid I can't hear you any more, counsel. Be seated.

MR. BAUGH: Thank you, Your Honor.

The court then took a brief recess after which it heard defense counsel.

At the conclusion of the remarks of defense counsel, the court stated:

I think that it is extremely unfortunate that an effort was made to enhance the sentence by suggesting that the Court would go easy on the Defendant because he is a member of the white race. As a matter of fact, I think it is not only unfortunate; I think that it is despicable. The Court wants to assure the Defendant that the Court's sentence will not be affected by the effort at bigotry on the part of the United States Attorney.

The court then discussed the factors it considered in sentencing Greer, and imposed the sentence described above.

An examination of the record in this case clearly reveals that, despite the Assistant United States Attorney's egregious conduct, the trial judge conducted a fair sentencing hearing. The judge simply rejected the prosecutor's accusation without engaging in debate. He called a recess immediately after the dialogue, providing time to calm any possible emotional reaction he might have had. He thereafter allowed defense counsel his full right of allocution. He prefaced his remarks on sentencing with a rebuke to the prosecutor for his comments and an assurance to Greer that they would not affect his decision. He explained in detail the reasons for imposing the sentence, referring exclusively to evidence adduced at trial and the information contained in the presentence report. Indeed, Greer received prison sentences for only two of the twenty counts on which he was convicted. The judge's conduct under the circumstances of this case was impeccable; no impartial jury or the public at large could reasonably be of the opinion that the United States Attorney's misconduct influenced the trial judge in his sentencing. *See In re Chaplain,* 621 F.2d 1272, 1278–79 (4th Cir.1980) (*en banc*) (Phillips, J., concurring and dissenting); *Paul v. Pleasants,* 551 F.2d 575, 579 (4th Cir.1977).

In view of these considerations, the trial judge did not err in failing to recuse himself from sentencing Greer. We therefore affirm the judgment of the district court.

AFFIRMED.